Filed 10/22/21  P. v. Garcia CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RAUL DEJESUS GARCIA,<br><br>        Defendant and Appellant. | A161764<br><br>(Napa County<br>Super. Ct. No. 20CR000633) |

Defendant Raul DeJesus Garcia appeals the judgment imposed following his plea of no contest to four felonies—a forcible lewd act (Pen. Code, § 288, subd. (b)(1)),[1] forcible rape (§ 261, subd. (a)(2)), forcible sodomy (§ 286, subd. (c)(2)(B)), and continuous sexual abuse (§ 288.5, subd. (a)), each involving a child under age 14. He also admitted an allegation that the crimes involved substantial sexual conduct with a child under age 14 (§ 1203.066, subd. (a)). The court sentenced him to the agreed term of 42 years in prison.

Defendant's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court independently review the record, and has advised defendant of his right to submit a supplemental brief, which defendant has not done. This court's

---

[1] Statutory references are to the Penal Code unless otherwise stated.

review of the record has disclosed no issues that warrant further briefing, but one minor error in the abstract of judgment that requires correction..

According to the probation office's report, Napa Sheriff's Department officers responded to a report from a Child Protective Services (CPS) worker regarding several children being removed from the custody of defendant and his wife. One of the children, an eight-year-old girl, told the CPS worker that defendant had sexually molested both her and her 11-year-old sister (the minor), who were defendant's stepdaughters. Sheriff's deputies and CPS workers interviewed the minor, her sister, and their 10-year-old brother. The minor alleged that defendant had raped and sodomized her repeatedly over a three-year period. Deputies arrested defendant, who denied any wrongdoing. The arrest report indicates that the minor's siblings corroborated her account.

The district attorney's office filed a complaint charging defendant with 20 felony counts involving sexual abuse of a child,[2] and alleging that he used force and engaged in substantial sexual conduct (§ 1203.066, subds. (a)(1) & (a)(8)). Defendant, represented by hired counsel, pled not guilty and denied the special allegations.

Defendant and the prosecution reached a plea agreement, pursuant to which the district attorney filed an amended complaint that retained the existing counts and allegations and added three felony counts: forcible rape of

---

[2] The complaint alleged 12 counts of sexual intercourse or sodomy with a child under age 10 (§ 288.7, subd. (a)), with one count for each of the 12 months between March 2018 and February 2019; four counts of aggravated sexual assault of a child under age 14, with two counts alleging sodomy (§ 269, subd. (a)(3)), and two alleging rape (§ 269, subd. (a)(1)), and each involving a two-month period between March and June 2019; and four counts of forcibly performing a lewd act on a child under age 14 (§ 288, subd. (b)(1)), with one count for each month between March and June 2019.

2

a child under age 14 (§ 261, subd. (a)(2)), forcible sodomization of a child under age 14 (§ 286, subd. (c)(2)(B)), and continuous sexual abuse over a six-month period of a child under age 14 (§ 288.5, subd. (a)).

Pursuant to the agreement, defendant pled no contest to the three new counts and to count 17, forcible performance of a lewd act on a child under age 14 (§ 288, subd. (b)(1)), and he admitted that the crimes involved substantial sexual conduct (§ 1203.066, subd. (a)(8)). The agreement called for a prison term of 42 years and waiver of defendant's appellate rights.

The court questioned defendant and found that he had knowingly, voluntarily, and intelligently waived the constitutional rights set forth on the plea form. After the parties stipulated that the plea had a factual basis, the court granted the People's motion to dismiss the remaining counts, subject to a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754; referred the matter to the probation office; and set a sentencing hearing.[3]

The probation report stated that defendant indicated that he was from Mexico, was not a United States citizen, and worked various jobs "under the table" for cash.

At the sentencing hearing, the court heard a victim impact statement by the minor's mother, ordered a written statement by the victim entered into the record by stipulation, and heard a brief statement by defendant. The court stated that it would "follow the agreement of the parties" and imposed a total prison term of 42 years, while noting that defendant had credits of 295 days.[4] Based on the probation report's recommendations, the court imposed a

---

[3] The plea agreement also provided for defendant to admit that his conduct violated his probation on three prior misdemeanor convictions, which he did. His notice of appeal does not encompass the parole-violation matters.

[4] The sentence comprised consecutive middle terms on each of the four counts of conviction: eight years on count 17, forcible performance of a lewd act

$10,000 restitution fine (§ 1202.4, subd. (f)), a suspended parole-revocation fine in the same amount (§ 1202.45), an $1,800 sex-offenses fine (§ 290.3, subd. (a)), a $160 court-security fee (§ 1465.8) and a $120 criminal-conviction assessment (Gov. Code, § 70373) and it ordered defendant to pay victim restitution in a sum to be determined (§ 1202.4, subd. (f)), to register as a sex offender (§ 290), and to undergo an AIDS test (§ 1202.1, subd. (a)).

Defendant filed a timely notice of appeal stating that his appeal is based on the sentence or other matters occurring after the plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b).) His appointed counsel has filed a brief and a declaration indicating his determination that no viable issues exist to raise on appeal. This court's review of the record has not disclosed any such issues.[5]

We note, however, that the abstract of judgment states, in the "Other orders" section, "Pay 1,800.00 Penal Code section 1202.1(a)." Section 1202.1,

---

on a child under age 14 (§ 288, subd. (b)(1)); 11 years on count 21, forcible rape of a child under age 14 (§ 261, subd. (a)(2)), 11 years on count 22, forcible sodomization of a child under age 14 (§ 286, subd. (c)(2)(B)), and 12 years on count 23, continuous sexual abuse of a child under age 14 (§ 288.5, subd. (a)).

[5] While the amount of fines and fees that were imposed, and defense counsel's failure to object to them, might be thought to raise constitutional questions, we are satisfied that no further briefing is warranted in light of the severity of defendant's offenses and the governing legal standard. (See *Strickland v. Washington* (1984) 466 U.S. 668, 688 [appellant claiming ineffective assistance of counsel must show that counsel's deficient performance resulted in prejudice]; *People v. Cowan* (2020) 47 Cal.App.5th 32, 47–48 [constitutional challenge to amount of fines and assessments imposed as result of criminal conviction must be analyzed under excessive fines clause in light of "four considerations bearing on proportionality: '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay' "], review granted, June 17, 2020, S261952.)

subdivision (a) mandates AIDS testing for all persons convicted of certain sexual offenses; it is section 290.3, subdivision (a), that requires the imposition of a fine on persons convicted of specified sexual offenses.

## Disposition

The judgment is affirmed. The trial court is ordered to correct the abstract of judgment to identify the $1,800 fine as imposed pursuant to Penal Code section 290.3, subdivision (a).


POLLAK, P. J.

WE CONCUR:

STREETER, J.
ROSS, J.*

---

 * Judge of the Superior Court of California, County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.